130 Nev., Advance Opinion 82

IN THE SUPREME COURT OF THE STATE OF NEVADA

ABRON MARCUS BUCHANAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62343

FILED

OCT 02 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a jury verdict, of burglary and robbery. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

*Reversed and remanded.*

Philip J. Kohn, Public Defender, and Sharon G. Dickinson, Deputy Public Defender, Clark County,
for Appellant.

Catherine Cortez Masto, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Steven S. Owens, Chief Deputy District Attorney, and Jacob J. Villani, Deputy District Attorney, Clark County,
for Respondent.

BEFORE HARDESTY, DOUGLAS and CHERRY, JJ.

*OPINION*

By the Court, DOUGLAS, J.:

In this opinion, we address whether, after a district court grants an evidentiary hearing on a pretrial motion to strike a jury venire,

14-32745

it is structural error to deny that motion before completing the evidentiary hearing. We hold that it is.

## FACTS AND PROCEDURAL HISTORY

Buchanan was charged with burglary, robbery, and abuse or neglect of an older person. Upon seeing the jury venire enter the courtroom for voir dire, Buchanan's counsel lodged an immediate objection, seeking to strike the venire for an alleged violation of Buchanan's constitutional right to a jury selected from a fair cross section of the community. Buchanan's counsel argued that because the jury venire contained no Black prospective jurors, it was not representative of Clark County's population. Buchanan's counsel then questioned the Eighth Judicial District Court's jury-selection process and whether it was reaching a fair cross section of the community in Clark County.

The prosecutor conceded that the group alleged to be excluded, Black citizens, constitutes a distinctive group, and that Buchanan's venire did not contain a fair and reasonable representation of that group. Thus, the only dispute regarding Buchanan's fair-cross-section challenge was whether the underrepresentation of Black citizens in the jury venire was due to systematic exclusion in the jury-selection process. The prosecutor contended that it was not. Before Buchanan's counsel could rebut the prosecutor's claim in an attempt to prove systematic exclusion, the district court judge ended arguments, stating that she would put the jury commissioner under oath to determine how the jury venire was selected and whether Black citizens were being systematically excluded. Immediately after granting this evidentiary hearing, but before holding it, the district court judge sua sponte denied Buchanan's motion because she did not believe the jury-selection process systematically excluded Black citizens.

Thereafter, the jury panel was selected and sworn in. Buchanan's counsel then asked the district court judge about interviewing the jury commissioner. The district court judge stated that she had already denied the motion and planned on waiting until Buchanan's trial was over before holding the hearing with the jury commissioner. After a two-day trial, the jury found Buchanan guilty of burglary and robbery. The next day, the district court judge allowed the parties to question the acting jury commissioner for the Eighth Judicial District Court.

## DISCUSSION

Buchanan argues that the district court committed structural error under *Brass v. State*, 128 Nev. ___, 291 P.3d 145 (2012), by making its determination prior to a full hearing on his fair-cross-section challenge. The State contends that *Brass* is inapposite.[1]

Whether the district court's actions in this case constituted structural error is a question of law that we review de novo. *See Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009).

In *Brass*, defendant's counsel lodged a *Batson*[2] objection during voir dire after the prosecutor used a peremptory challenge to strike a Black prospective juror from the jury venire. 128 Nev. at ___, 291 P.3d at 148. Only after dismissing the prospective juror at issue did the district court conduct its hearing on the *Batson* challenge. *Id.* We concluded that

---

[1]We note that *Brass* involved a *Batson* challenge, and that this case centers on a fair-cross-section challenge; however, both situations raise the issue of what constitutes proper district court conduct when jury-selection challenges are raised.

[2]*Batson v. Kentucky*, 476 U.S. 79 (1986).

"when a defendant asserts a *Batson* violation, it is a structural error to dismiss the challenged juror prior to conducting the *Batson* hearing because it shows that the district court predetermined the challenge before actually hearing it." *Id.* at ___, 291 P.3d at 147. In making this decision, we expressed our concern "that the dismissal of a prospective juror before holding a *Batson* hearing may present the appearance of improper judicial bias." *Id.* at ___ n.4, 291 P.3d at 149 n.4.

Here, Buchanan's counsel lodged an objection and moved the court to strike the jury venire based on an alleged violation of Buchanan's fair-cross-section right. Although "[t]he Sixth Amendment does not guarantee a jury or even a venire that is a perfect cross section of the community," a criminal defendant "is entitled to a [jury] venire *selected* from a fair cross section of the community." *Williams v. State*, 121 Nev. 934, 939, 125 P.3d 627, 631 (2005) (emphasis added). To establish a prima facie violation of the fair-cross-section guarantee, a criminal defendant must show:

> "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community;[3] and (3) that this

---

[3]The U.S. Supreme Court has not yet approved any particular method or threshold for satisfying this requirement. *See Berghuis v. Smith*, 559 U.S. 314, 329-30 (2010). This court has stated that comparative disparities over 50% indicate that a group is underrepresented. *Williams*, 121 Nev. at 940 n.9, 125 P.3d at 631 n.9.

underrepresentation is due to systematic exclusion
of the group in the jury-selection process."[4]

*Evans v. State*, 112 Nev. 1172, 1186, 926 P.2d 265, 275 (1996) (emphasis omitted) (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)). If a criminal defendant establishes a prima facie showing, "the burden shifts to the government to show that the disparity is justified by a significant state interest." *Id.* at 1187, 926 P.2d at 275.

During the district court's initial sidebar addressing Buchanan's motion to strike the venire, the prosecutor conceded the first two elements of the fair-cross-section test, leaving only the issue of whether the Eighth Judicial District Court's jury-selection process systematically excluded Black citizens. After hearing initial arguments on that issue, the district court judge granted Buchanan an evidentiary hearing with the jury commissioner to determine how Buchanan's jury venire was selected and whether the process used systematically excluded Black citizens. But the district court judge then denied Buchanan's motion to strike the jury venire for violating his fair-cross-section right before conducting that hearing. Thus, Buchanan was not afforded a

---

[4]In *Berghuis*, the U.S. Supreme Court emphasized that a defendant merely pointing to multiple factors that might contribute to a distinctive group's underrepresentation in jury venires is insufficient to show systematic exclusion. 559 U.S. at 332. Instead, a defendant must show that underrepresentation is inherent in the particular selection process. *Evans v. State*, 112 Nev. 1172, 1186-87, 926 P.2d 265, 275 (1996); *see also Duren v. Missouri*, 439 U.S. 357, 367 (1979) (concluding that Missouri's law exempting women from jury service and the way that Jackson County administered that law were systematic causes of women's underrepresentation in jury venires).

complete hearing on his pretrial motion before the district court judge decided the issue.

While Buchanan's case is factually distinguishable from *Brass*, the district court judge's actions elicit the same concerns. By indicating that she would conduct an evidentiary hearing and consider testimony from the jury commissioner but then deciding the fair-cross-section challenge before doing so, and making that decision based on a record devoid of any factual information regarding the venire selection process, the district court judge predetermined the challenge and created the appearance of improper judicial bias. This was structural error and requires reversal. *See Neder v. United States*, 527 U.S. 1, 8 (1999) (recognizing that trial judge bias constitutes structural error); *see also Brass*, 128 Nev. at ___, 291 P.3d at 148. We therefore hold that when a defendant moves the court to strike a jury venire, and the district court determines that an evidentiary hearing is warranted, it is structural error for the district court to deny the defendant's challenge before holding that hearing to determine the merits of the motion.[5]

---

[5]During the belated hearing, the jury commissioner testified that the Eighth Judicial District Court's jury-selection process relies on random selections, without regard to race or gender, from a database created with information from the DMV and Nevada Energy. We do not determine whether this process disproves systematic exclusion of Black citizens in Clark County because the district court committed independent reversible error by making its decision before understanding this process. *See Miller v. Burk*, 124 Nev. 579, 588-89, 188 P.3d 1112, 1118-19 (2008) (stating that this court will not decide constitutional issues in an appeal unless necessary).

Because we reverse the district court's decision on the independent grounds of structural error, we decline to consider Buchanan's challenge to the sufficiency of the evidence supporting his convictions. *See United States v. Douglas*, 874 F.2d 1145, 1150 (7th Cir. 1989) (acknowledging that the Supreme Court "has never held that a reviewing court must review the sufficiency of the evidence whenever a defendant raises the issue on appeal"), *abrogated on other grounds by United States v. Durrive*, 902 F.2d 1221, 1225-26 (7th Cir. 1990).

Based on the foregoing, we reverse Buchanan's convictions for robbery and burglary and remand this matter to the district court for a new trial.

_____, J.
Douglas

We concur:

_____, J.
Hardesty

_____, J.
Cherry